UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILIP WILLIAMS, JR.** | **CIVIL ACTION** |
| **VERSUS** | |
| **NATIONAL SECURITY FIRE & CASUALTY COMPANY** | **NO. 07-368-C-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 18, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PHILIP WILLIAMS, JR.**                                          **CIVIL ACTION**

**VERSUS**

**NATIONAL SECURITY FIRE &**                            **NO. 07-368-C-M2**
**CASUALTY COMPANY**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Remand (R. Doc. 9) filed by plaintiff, Philip Williams, Jr. ("Williams"). Defendant, National Security Fire & Casualty Company ("National Security"), has filed an opposition and a supplemental opposition to this motion. (R. Doc. 12 & ??).

## FACTS & PROCEDURAL BACKGROUND

On May 4, 2007, Williams filed the present case in the 19th Judicial District Court, wherein he alleges that he entered a contract with National Security for property, personal liability, and medical coverage on June 22, 2005 through June 22, 2006. He alleges that such contract covered his residence located at 3461 Wyandotte Street, Baton Rouge, Louisiana 70809. Williams further alleges that his residence was damaged on or about September 24, 2005 as a result of a hurricane. He seeks damages for breach of contract, "comp[e]nsatory damages for loss to property," attorney's fees, and court courts. Williams did not allege that he was entitled to a jury trial nor did he allege that his damages are less than the jurisdictional amount required for federal diversity jurisdiction.

On May 25, 2007, National Security removed the suit to this Court, alleging that diversity jurisdiction exists under 28 U.S.C. §1332. Williams has now filed the present

1

motion to remand, seeking to have this matter remanded to state court on the ground that diversity jurisdiction does not exist because the amount in controversy is less than $75,000.00, exclusive of interest and costs.

## **LAW & ANALYSIS**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states. Williams does not dispute the fact that the parties to this matter are citizens of different states. Thus, the only issue for the Court's consideration on this motion is whether the requisite amount in controversy is satisfied in this case.

Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).[1]

All doubts and uncertainties regarding federal jurisdiction must be resolved in favor

---

[1] In other words, the defendant must do more than point to a state law that might allow the plaintiff to recover more than what is pled and must submit evidence that establishes that the actual amount in controversy exceeds $75,000.00. *De Aguilar v. Boeing Co.* (*"De Aguilar II"*), 47 F.3d 1404, 1412 (5th Cir. 1995).

of remand.  *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000).  Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).[2]

If a removing defendant shows that the amount in controversy actually exceeds the federal jurisdictional amount, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he will not be able to recover the jurisdictional amount – a burden which can be met by:  (1) showing state procedural rules binding the plaintiffs to their pleadings;[3] or (2) filing a binding stipulation or affidavit to that effect with the complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

In accordance with Louisiana law, the state court petition in the present case does not allege a specific amount in controversy, and as noted above, Williams did not give any suggestion as to the amount in controversy either by seeking a state court jury trial or by specifically pleading that the amount of damages is less than that required for federal jurisdiction, as is permitted by La. C.C.P. art 893.[4]  He did, however, seek damages for

---

[2] If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction.  However, post-removal affidavits may be considered in determining the amount in controversy, where the basis for jurisdiction is ambiguous at the time of removal.  *Clayton v. American Security Insurance Co.*, 466 F.Supp.2d 720 (M.D.La. 2006).

[3] For example, the plaintiff's state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

[4] Article 893 provides the following:

> A (1)  No specific monetary amount of damages shall be
>         included in the allegations or prayer for relief of any

breach of an insurance contract as well as compensatory damages and attorney's fees, and he attached a copy of the declarations page for the insurance policy at issue, which includes $50,000 in coverage for his residence, $20,000 in coverage for personal property, $5,000 in coverage for related structures, and $5,000 in coverage for additional living costs. *See*, Exhibit A to Williams' petition. Considering the total coverage under the policy in question exceeds the minimum jurisdictional amount and that Williams has also requested compensatory damages and attorney's fees, the Court finds that it is facially apparent from Williams' petition that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.[5]

In his motion to remand, Williams indicates that he has received estimates for the damages to his property and that he "believe[s] his damages do[ ] not exceed $45,000." He submits as an exhibit to his motion a "partial list of damages to the exterior of [his] house;" however, the list does not contain any monetary figures evidencing how much it will cost to repair each of the listed damages. Considering this evidence, the Court does not find that Williams has shown that it is a "legal certainty" that he will not be able to

---

> original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. . .

La. C.C.P. art. 893.

[5] The Fifth Circuit has held that, in a suit under an insurance policy, the "value of the right to be protected" includes amounts due under the policy as well as attorney's fees and statutory penalties, and those amounts should be used in determining the amount in controversy. *St. Paul Reinsur. Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

recover the jurisdictional amount. Furthermore, Williams did not file a binding stipulation or affidavit to that effect with his state court petition. *See, De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)(Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints).[6] Thus, considering the facts as they existed at the time of removal, the requisite monetary amount was in controversy to support diversity jurisdiction.

Finally, even if it was not "facially apparent" from Williams' petition that the jurisdictional minimum exists in this case, National Security has also submitted summary judgment-type evidence to the Court indicating that the plaintiff's claims are likely to exceed $75,000. Specifically, National Security has submitted a copy of a repair estimate provided to its counsel by plaintiff's counsel, which indicates that the total estimate for the repairs to Williams' residence and related structures is $97,100 and which contradicts Williams' assertion in his motion to remand that his total damages in this matter will not exceed $45,000.[7] Accordingly, because the requisite amount in controversy exists in this case to support diversity jurisdiction, Williams' motion to remand should be denied.

---

[6] *See also, Frisard v. Bellsouth Telecommunications, Inc.*, 898 F.Supp. 369, 370 (E.D. La. 1995)(It is a "well-settled principle that 'a plaintiff may not defeat removal by subsequently changing his damage request because post-removal events cannot deprive a court of jurisdiction once it has attached'").

[7] Even if the Court were only to consider the damages and repairs to the dwelling itself and exclude damages to related structures and regarding debris and land improvement, the total estimated repairs for the dwelling itself exceed $75,000.

**RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 9) filed by plaintiff, Philip Williams, Jr., should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, July 18, 2007.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**